IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TERRENCE TOMLINSON,

               Petitioner,

v.

MICHAEL A. ZENK,

               Respondent.

1:07-cv-629-WSD-SSC

**OPINION AND ORDER**

This matter is before the Court on Petitioner Terrence Tomlinson's ("Tomlinson") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [1], the Order and Final Report and Recommendation of United States Magistrate Judge ("R&R") [3], Objections to Erroneous Findings Within Magistrate Judge's Report & Recommendations [8].

**I.    BACKGROUND**

On January 7, 1998, Tomlinson was convicted after a jury trial in the Middle District of Florida on drug offenses relating to the possession, distribution, and manufacture of cocaine. Because Tomlinson had a prior felony drug conviction in Georgia state courts, the charges carried a twenty-year mandatory sentence minimum pursuant to 18 U.S.C. § 841(b). Tomlinson appealed his conviction and

sentence, which were affirmed by the Eleventh Circuit. Tomlinson was sent to a prison facility in Atlanta, Georgia.

On November 18, 1999, Tomlinson filed a motion to vacate pursuant to 28 U.S.C. § 2255 in the Middle District of Florida for alleged violations of his constitutional rights to due process and effective assistance of counsel. The court denied his motion on March 31, 2003.

On February 3, 2005, after Tomlinson's unsuccessful appeal and § 2255 motion, Tomlinson succeeded in a state habeas petition and his Georgia felony drug conviction was reversed. On March 16, 2007, Tomlinson filed a federal habeas petition pursuant to 28 U.S.C. § 2241 in this Court, seeking to have his sentence vacated in light of the reversal of his prior felony conviction. Tomlinson claims that a habeas petition under § 2241 in this Court is appropriate both because he challenges only the conditions and execution of his sentence, not the fact or duration of his confinement, and because a § 2255 motion in the Middle District of Florida would be ineffective.

Magistrate Judge Susan Cole recommended that Tomlinson's petition be dismissed as plainly not entitled to relief pursuant to Rule 4 of the Rules Governing § 2254. Tomlinson objected to the R&R's findings. For the reasons

stated below, the Court agrees with the R&R and denies the petition.

## II.     STANDARD OF REVIEW

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify a judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(c).

With respect to those findings and recommendations to which Tomlinson has not asserted objections, the Court conducts a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983). Tomlinson has not objected to the fact findings of the R&R, so the Court adopts those facts.

## II.     DISCUSSION

Prisoners seeking post-conviction relief attacking the fact or duration of their confinement must, as a general matter, file a motion with the sentencing court under 28 U.S.C. § 2255. Prisoners may, however, file a habeas petition in the jurisdiction of their confinement under § 2241 if they challenge only the conditions or execution of their confinement. Prisoners may also file § 2241 habeas petitions

in the jurisdiction of their confinement if a § 2255 motion would be "ineffective." Section 2241, however, "is not a substitute for a motion under § 2255." McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979).

Tomlinson argues that his habeas petition is an attack on the execution or conditions of his confinement and is properly brought under § 2241. In the alternative, Tomlinson argues that his petition should be entertained because a petition under § 2255 would be ineffective.

A. Nature of Tomlinson's Challenge

Tomlinson first claims that a § 2241 petition in this Court is proper because he challenges only the conditions or execution of his confinement. Tomlinson claims that the presentencing report used by the Middle District of Florida court to calculate his sentence under the Federal Sentencing Guidelines is now incorrect because his record no longer contains a prior felony drug conviction. Tomlinson argues that the presentencing report, rendered inaccurate by his successful habeas efforts in state court, "hinders [him] from obtaining a speedier release from prison and currently affects the manner in which [his] sentence is presently being executed." (Petition at 7.)

Tomlinson characterizes this as a challenge to the execution of his sentence. Tomlinson's characterization of this action is incorrect. Tomlinson essentially requests that his sentence be vacated and recalculated to account for the reversal of his state drug conviction. This request does not seek to alter a "condition" of his confinement, but challenges the legality of his current sentence and seeks to amend the duration of his confinement. This is not a "condition" of confinement, because the Bureau of Prisons, responsible for the conditions of Tomlinson's confinement, could not, even if it wanted, amend the sentence imposed by the district court. As Warden Michael A. Zenk, responding to Tomlinson's complaint, informed Tomlinson, "any changes to the presentence report must be ordered by the court." Tomlinson's petition thus challenges the legality of his sentence and its duration. See, e.g., United States v. Daniels, 737 F. Supp 111 (D. Me 1990). Tomlinson may only challenge his sentence through a motion under § 2255, unless that statute's savings clause applies.

    B.    <u>Applicability of the Section 2255 Savings Clause</u>

Tomlinson alternatively argues that the savings clause of § 2255 allows him to proceed through a habeas petition under § 2241 instead of a § 2255 motion. Specifically, Tomlinson argues that a § 2255 motion attacking his presentencing

5

report in the court in which he was convicted would be "inadequate or ineffective."

Section 2255 provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255.

Tomlinson argues that a § 2255 motion would be "inadequate or ineffective" because he "did not have a prior opportunity to have the fundamental defect in his sentence corrected earlier, in that, the reversal of Petitioner's prior state conviction came years after his initial direct appeal and first § 2255 had become final." (Petition at 3.)

The Eleventh Circuit has established strict rules governing when a prisoner may invoke the § 2255 savings clause to pursue a claim through a § 2241 petition rather than a § 2255 motion. A prisoner can present such a claim when:

> (1) that claim is based on a retroactively applicable Supreme Court decision; (2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and (3) circuit law squarely foreclosed such a claim at the time it otherwise should

6

>have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999).

The Eleventh Circuit strictly applies the Wofford test, and has not elected to extend the scope of the savings clause in factually analogous cases.[1]  See Ramiro, 210 Fed. App'x 901 (11th Cir. 2006) (holding that a prisoner, sentenced prior to Booker, alleging a Booker error at sentencing, did not satisfy the savings clause); Davis v. Pugh, 222 Fed. App'x 925, 927 (11th Cir. 2007) (holding that savings clause did not apply to a claim of actual innocence of the facts supporting a sentence enhancement).  In light of the Eleventh's Circuit's strict application of the Wofford test, Tomlinson's request to proceed with a § 2241 petition in this Court is inappropriate because Tomlinson's claim is not based on a retroactively applicable Supreme Court opinion.

---

[1]  Tomlinson cites Poole v. Dotson, 469 F. Supp. 2d 329 (D. Md. 2007), a recent District of Maryland case, which held that a prisoner could invoke the § 2255 savings clause when one of the prior convictions used to calculate his federal sentence was vacated after the prisoner had already filed his first post-conviction motion under § 2255.  Although Poole is factually similar to the case before this Court, the Eleventh Circuit's notably strict adherence to the letter of the Wofford test does not allow the relief Tomlinson seeks.

7

Tomlinson's argument is worth being heard, but § 2255, Wofford, and logic compel the conclusion that the appropriate forum for Tomlinson to seek relief is the court in which Tomlinson was convicted. The Court encourages the Eleventh Circuit to grant Tomlinson permission to proceed in that court if he should seek certification to file a successive § 2255 motion addressing this issue.

Accordingly,

**IT IS HEREBY ORDERED** that the Court **OVERRULES** Petitioner's objections [8].

**IT IS FURTHER ORDERED** that the Court **ADOPTS AS ITS ORDER** the Report and Recommendation [3].

**IT IS FURTHER ORDERED** that Petitioner's Petition for Habeas Corpus [1] is **DENIED**.

The Clerk is directed to **CLOSE** this case.

**SO ORDERED** this 16th day of August, 2007.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE